### 13248. STAFFORD LUMBER COMPANY v. GORDON et al.

BELL, J. 1. "Where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given to the other of intention to rely on the exact terms of the agreement. Until such notice, the departure is a quasi new agreement." Civil Code (1910), § 4227.

(a) This was a suit upon an account and notes, against which it was set up that the indebtedness had been paid by the hauling of logs for a specified price per thousand in pursuance of a contract between the parties which appears in the pleadings. The contract provided that the logs should be "measured by party of the first part [plaintiff] or their representative at the mill brow, and in the presence of the second party [the defendants] when the second party so desires." Upon the trial there was some evidence to authorize the inference of such a mutual departure from the terms of the contract as to the place and manner of measurement that the principle above quoted should apply, and there was no error by the court in charging the jury in substantial accord therewith, nor in admitting certain evidence offered by the defendants of the delivery to plaintiff of logs for which compensation was claimed, and for which, it was contended by the defendants, no credit had been allowed, over the objection of plaintiff that the logs had not been measured at the place and in the manner as provided by the contract. The acceptance of the logs by the plaintiff without measurement as particularly prescribed in the contract would amount to a waiver of the stipulation in regard thereto. Furthermore, the defendants would be entitled to be compensated for the hauling of logs which were actually delivered to and accepted by the plaintiff, regardless of the provisions of the contract in regard to the manner and place of measurement, if measurements otherwise correct were shown. Civil Code (1910), § 5513. The defendants' answer was ample for the admission of proof upon a quantum meruit. However, the objection was only that the measurements were not made in terms of the contract, and not that the pleadings of the defendants did not authorize the same.

2. There was some evidence to authorize the verdict in favor of the defendants, and there was no error in overruling the plaintiff's motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 15, 1923.

Complaint from Liberty superior court — Judge Sheppard. November 11, 1921.

*Oliver & Oliver, W. C. Hodges, Darsey & Mills,* for plaintiff.

*Melville Price, James R. Thomas,* for defendant.